```
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re
        RICHARD JOSEPH LEGENZA                    BK 21-10713 CLB


                        Debtor                    DECISION & ORDER
------------------------------------------------------
        GINA DEL ROSARIO

                        Plaintiff                 AP 21-1036 CLB

                v.

        RICHARD JOSEPH LEGENZA


                        Defendant
------------------------------------------------------
```

        Richard Klamka, Esq.
        2505 Anthem Village Drive
        Suite E - #284
        Henderson, Nevada 89052
        Attorney for Plaintiff

        Denis A. Kitchen, Esq.
        Denis A. Kitchen, P.C.
        8899 Main Street
        Williamsville, New York 14221
        Attorney for Defendant

Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

     In this adversary proceeding, a creditor asks the Court to deny a discharge by reason of 11 U.S.C. § 727(a)(3).  The central issue is whether the circumstances of this case justify a failure to keep and preserve business records regarding what the parties characterize as a loan from the debtor's principal creditor.

     Richard Legenza purports to be the developer of a blackjack side wager game called "Wild Aces" that he hoped to install at gambling casinos in the United States and Canada. In 2015, for the purpose of financing his marketing efforts, Legenza accepted money from Gina Del Rosario at a time when they were both residents of Nevada.  Although Legenza represents that he received only $58,000 from the transaction, the parties

signed a Loan and Royalty Agreement in which they acknowledge a loan in the amount of $70,000.[1]  Specifying no rate of interest, the Loan and Royalty Agreement provided that in lieu of monthly payments, Legenza assigned a percentage of the royalties that he would receive from the licensing of his side wager game.  After repayment of principal, Del Rosario would continue to collect monthly royalties for the rest of her life.

Del Rosario contends that Legenza breached his obligations under the Loan and Royalty Agreement.  Seeking to enforce her rights, Del Rosario commenced a civil action against Legenza in Nevada state court on June 3, 2020.  Legenza answered and the process of discovery ensued.  When Legenza failed to comply with orders directing a response to document requests and interrogatories, the state court awarded sanctions to Del Rosario's attorney.  Then when Legenza still did not satisfy the discovery demands, Del Rosario moved for a default judgment.  By that time, Legenza had relocated to Western New York.  On July 9, 2021, shortly before a hearing on the motion, Legenza filed a petition in this Court for relief under Chapter 13 of the Bankruptcy Code.  Six weeks later, the debtor converted his case into a proceeding under Chapter 7.

The debtor does not now dispute liability under the Loan and Royalty Agreement.  In amended schedules filed shortly before the conversion of his case, Legenza reported debts of $138,497.  This sum included obligations of $70,000 to Gina Del Rosario, of $1,300 to Del Rosario's attorney, and of $34,000 to the attorneys who had represented Legenza in state court.  None of these debts were listed as contingent, unliquidated or disputed.  Del Rosario apparently agrees, as reflected by her filing of a proof of claim for $70,000.

On November 22, 2021, Del Rosario commenced the present adversary proceeding in which she asks this Court either to deny a discharge or to determine that her claim is

---

[1]We express no opinion on whether the parties have correctly characterized their transaction as a loan rather than an investment that would have been subject to the requirements of the Securities Act of 1933, 15 U.S.C. § 77a *et seq.*

not dischargeable.  At the present time, however, the plaintiff seeks summary judgment with respect only to the last of her three causes of action.  In that count, Del Rosario alleges that under 11 U.S.C. § 727(a)(3), Legenza should be denied a discharge because he failed to keep or preserve recorded information.  Meanwhile, the defendant has cross-moved to dismiss this count.

The plaintiff contends that the debtor has failed to produce relevant business records, both as requested in the state court litigation and as sought during the process of bankruptcy administration.  Legenza acknowledges his inability to provide documentation, but insists that this failure is excusable under the circumstances.  In his affidavit given in opposition to the plaintiff's motion for summary judgment, Legenza offers the following explanation:

> "The money received from the Plaintiff ($58,000) was not deposited in a bank but was maintained as cash.  I maintained a bank account solely to render payment to the Plaintiff from the revenue received from the Las Vegas Hilton (Westgate Hotel), the sole location in which Wild Aces was being played and paying me.  A record of the case was maintained in a cash journal and stored with other business papers.  Unfortunately, the cash journal and the marketing materials I used as well as the records of my contacts, travel and entertainment expenses were entrusted to the movers via Affordable Movers LV along with our furniture and other personal property and sent to our new home in Western New York, but never arrived.  A number of boxes were missing including clothes, shoes, family pictures, personal effects, and virtually all our business and financial records when the furniture arrived in Buffalo. . . . As a consequence, my responses to most of the Plaintiff's Demand for Documents are essentially the same since the documents demanded were lost in the move."

For purposes of this motion for summary judgment, we accept the credibility of the defendant's representation of facts.  We must therefore decide whether these facts, if true, can justify the debtor's failure to produce business records.

## Discussion

Financial records are an essential tool for the administration of any bankruptcy case.  Without access to such information, a trustee is unable to fulfill the statutory duty

to "investigate the financial affairs of the debtor." 11 U.S.C. § 704(a)((4). Bank statements and disbursement ledgers enable a trustee to identify potential preferences and fraudulent conveyances. Trustees and creditors need to assess the legitimacy of claims, to confirm the full accounting of assets, and to verify the accuracy of recitations in the debtor's schedules and statement of financial affairs. As in the present instance, creditors may appropriately seek access to financial records in order to establish grounds for the non-dischargeability of obligations.

The plaintiff contends that the debtor's discharge should be denied under 11 U.S.C. § 727(a)(3). In relevant part, section 727(a) provides as follows:

> "The court shall grant the debtor a discharge, unless . . . (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circum-stances of the case."

Pursuant to this subdivision, the Court can deny a discharge whenever a debtor fails without justification to keep or preserve books, documents, records and papers. Legenza concedes that he does not now possess the books and records that Del Rosario has demanded. He argues that the Court should nonetheless grant a discharge because this failure "was justified under all of the circumstances of the case."

Federally insured financial institutions provide important and necessary services to their customers. Not only do they protect the safety of deposits, but banks preserve a record of transactions. Bank records do not eliminate the need to keep appropriate ledgers of receipts and disbursements, but they can provide the information needed to reconstruct journals that may become lost or destroyed. Legenza was knowledgeable about the process of opening a bank account. He states in the above quoted affidavit that he maintained a bank account to process royalty payments derived from the use of the side wager game. Nonetheless, he chose to keep the proceeds of Del Rosario's loan in the form of cash.

The unintended destruction or loss of documents may at times justify an inability to produce certain financial records, but not in circumstances where a party declined to take reasonable steps to safeguard that information. We do not reject the possibility that for special purposes, a borrower may chose to retain a small amount of assets in the form of currency. Here, the loan proceeds totaled at least $58,000 and clearly exceeded what one might consider to be petty cash. By failing to keep this amount of money on deposit in a bank, Legenza proceeded at his own risk in relying solely on the use of a cash journal.

For purposes of the present discussion, we have assumed the accuracy of Legenza's representation that he actually maintained a cash journal. But his inability to reconstruct that record demonstrates a failure to maintain the type of reasonable backup such as might derive from bank records. Under all of the circumstances of this case, he cannot justify his failure to maintain and preserve records from which his "financial condition or business transactions might be ascertained" as required by section 727(a)(3) of the Bankruptcy Code.

For the reasons stated herein, the plaintiff's motion for summary judgment with regard to her third cause of action is granted. Accordingly, the debtor will be denied a discharge. On the same grounds, the Court will deny the defendant's cross-motion as well as his request for the issuance of a discharge under 11 U.S.C. § 727. Because the denial of discharge renders moot the plaintiff's other two causes of action, the Clerk of the Bankruptcy Court is directed in her normal course to close this adversary proceeding.

So ordered.

Dated: October 20, 2022          /s/ Carl L. Bucki_____
       Buffalo, New York          Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.